**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERROL VICTOR, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-686** |
| **LEBLANC ET AL** | **SECTION D (2)** |

**ORDER AND REASONS**

Before the Court is *pro se* Petitioner Errol Victor Sr.'s ("Victor") *ex parte* Motion for Temporary Restraining Order and Permanent Injunction. After careful consideration of the Motion and relevant filings, the Court **DENIES** the Motion and declines to issue a Temporary Restraining Order or Permanent Injunction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Victor is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections who currently is incarcerated at the David Wade Correctional Center.[1] Victor filed a pro se Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[2] On November 7, 2024 the United States Magistrate Judge issued a Report and Recommendation recommending the Court dismiss Victor's Application for Writ of Habeas Corpus without prejudice for failure to exhaust state court review.[3] Victor objected to the Report and Recommendation, and this Court's *de novo* review of Victor's Application for Writ of Habeas Corpus is currently pending.[4] On August 17, 2026, Victor filed a motion to Certify Class Action on behalf of "incarcerated

[1] R. Doc. 28 at 1.
[2] R. Doc. 3.
[3] R. Doc. 30.
[4] R. Doc. 32, 33, 34.

nonunanimous jury verdict victims."[5] On August 26, 2026, Victor filed a Motion for a Temporary Restraining Order ("TRO") and Permanent Injunction.[6] In his Motion for a Temporary Restraining Order, Victor requests an expedited immediate release from custody on the grounds that he was denied the right to self-representation during his criminal trial and pretrial proceedings without the holding of a *Faretta* hearing.[7]

## II. LEGAL STANDARD

To be accorded a Temporary Restraining Order, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the TRO is not issued, (3) that the threatened injury if the TRO is denied outweighs any harm that will result if the TRO is granted, and (4) that the grant of a TRO will not disserve the public interest.[8] A temporary restraining order is "an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[9] If a party fails to meet any of the four requirements, the district court must deny the application for a temporary restraining order.[10] Further, a party requesting the issuance of an *ex parte* temporary restraining order must provide "specific facts . . . [which] clearly show that *immediate and irreparable* injury, loss, or damage will result to the movant

---

[5] R. Doc. 35.
[6] R. Doc. 37.
[7] R. Doc. 37 at 14.
[8] *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006) (quoting *Concerned Women for Am., Inc. v. Lafayette Cnty.*, 883 F.2d 32, 34 (5th Cir. 1989)). The standard for obtaining a temporary restraining order is the same as that for a preliminary injunction.
[9] *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003)).
[10] *Bluefield Water Ass'n*, 577 F.3d at 253.

before the adverse party can be heard in opposition,"[11] and the movant's attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required."[12] Additionally, the party requesting the TRO must provide "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[13]

## III. ANALYSIS

The Court finds that Victor has failed to demonstrate a substantial likelihood of success on the merits, and therefore the Court denies Victor's motion. To establish a likelihood of success on the merits, a plaintiff does not need to prove his case.[14] As explained by one of our sister courts, "Even some likelihood of success can be enough to support the issuance of a preliminary injunction."[15]

Victor argues that he is entitled to release because he was denied the right to self-representation during his criminal trial and pretrial proceedings without the holding of a *Faretta* hearing.[16] Victor also raised this argument in his Application for Writ of Habeas Corpus.[17] Victor's Application for Writ of Habeas Corpus was reviewed by a United States Magistrate Judge, who, after reviewing the Application,

---

[11] Fed. R. Civ. P. 65(b)(1)(A) (emphasis added).
[12] Fed. R. Civ. P. 65(b)(1)(B).
[13] Fed. R. Civ. P. 65(c).
[14] *Lakedreams v. Taylor*, 932 F.2d 1103, 1109 n.11 (5th Cir. 1991) (citing *H & W Industries, Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 179 (5th Cir. 1988)).
[15] *Association of Taxicab Operators, USA v. City of Dallas*, 760 F. Supp. 2d 693, 696 (N.D. Tex. 2010) (citing *Productos Carnic, S.A. v. Cent. Am. Beef and Seafood Trading Co.*, 621 F.2d 683, 686 (5th Cir. 1980) ("Where the other factors are strong, a showing of some likelihood of success on the merits will justify temporary injunctive relief.")). *See*, *MMR Constructors, Inc.*, Civ. A. No. 22-00267-BAJ-RLB, 2022 WL 1223919 at *4 ("To establish a likelihood of success on the merits, a plaintiff 'need not show that success is an absolute certainty. He need only make a showing the probability of her prevailing is better than fifty percent.'") (quoting *Eng v. Smith*, 849 F.2d 80, 82 (2d Cir. 1988)).
[16] R. Doc. 37 at 14.
[17] R. Doc. 3-2 at 2-5.

recommended the dismissal of Victor's Habeas Corpus petition without prejudice for failing to exhaust state court review.[18] Victor objected to the Report and Recommendation, and the Court's *de novo* review of Victor's Application is pending.[19] The Court finds the United States Magistrate Judge's recommendation to dismiss Victor's Application as strong evidence that Victor does not have a substantial likelihood of success on the merits. For purposes of obtaining a Temporary Restraining Order, Victor has the burden of demonstrating a substantial likelihood of success on the merits.[20] Victor failed to even address the United States Magistrate Judge's reasoning for recommending dismissal in his Motion for Temporary Relief, meaning he clearly failed to provide an argument that demonstrates the United States Magistrate Judge's reasoning is substantially likely to be found incorrect on the Court's *de novo* review. Therefore, Victor has clearly failed to meet his burden of proving a substantial likelihood of success on the merits.[21]

Because the Court finds that Victor has not met his burden in demonstrating a substantial likelihood of success on the merits, the Court finds it is unnecessary to address the other requirements for the issuance of a Temporary Restraining Order. If a party fails to meet any of the four requirements, the district court must deny the application for Temporary Restraining Order.[22]

---

[18] R. Doc. 30.
[19] R. Doc. 32, 33, 34.
[20] *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006).
[21] R. Doc. 37.
[22] *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

The Court finds it appropriate to allow Defendant to respond to Plaintiff's Motion for Permanent Injunction.

## IV. CONCLUSION

According,

**IT IS HEREBY ORDERED** that Petitioner Errol Victor, Sr.'s request for Temporary Restraining Order is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant may file any opposition to the Motion for Permanent Injunction by September 30, 2026.

**IT IS FURTHER ORDERED** that the matter will be decided on the briefs unless and until a party moves for an evidentiary hearing and the request is granted by this Court.

New Orleans, Louisiana, September 3, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Court**